## Beldam et al. v. Lewisohn et al.

1. VENDOR AND VENDEE—*Partial Acceptance of Order—Recoupment.*— Where a party ordered from an agent a quantity of merchandise, and the principal filled only a portion of the order, by shipping a portion of the merchandise, *it was held*, that as he received the order as a whole, he would be bound to fill it as a whole, and in an action to recover the price of the quantity shipped, the defendant might recoup whatever damages he sustained by reason of the plaintiff's failure to fill the entire order.

2. RECOUPMENT—*Under the General Issue.*—Damages may be re-couped under the general issue. Special pleas are not necessary.

**Memorandum.**—Assumpsit. In the Circuit Court of Cook County; the Hon. THOMAS G. WINDES, Judge, presiding. Trial by the court; finding and judgment for plaintiff; defendant appeals. Heard in this court at the March term, 1893. Reversed and remanded. Opinion filed April 19, 1893.

The opinion states the case.

E. A. ABORN and H. T. & L. HELM, attorneys for appellants.

MOSES, PAM & KENNEDY, attorneys for appellees.

MR. JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

November 15, 1889, one W. H. Sills applied to the appellants to order through him, as a broker, goods from appellees. Sills testified that he had his authority to sell from one Parker, from whom he was to receive ten per cent commission. Other evidence showed that he was to divide this commission with the appellants.

The appellants gave to Sills the same day, two orders, as follows:

"OFFICE OF THE M. A. RICHARDSON Co.
Manufacturers of Pieced, Stamped, and Japanned Tinwares, Hardware Specialties, 75 and 77 Lake Street.

Chicago, Nov. 15, 1889.
W. H. Sills:

DEAR SIR: Please order for us the following, to be shipped one-third in thirty days; one-third in sixty days; one-third in ninety days:

600, $10\frac{1}{4}$ x $18\frac{3}{4}$ oval copper flat bottoms; 3,000, $10\frac{3}{4}$ x 21 oval copper flat bottoms; 3,000, 12 x $22\frac{3}{4}$ oval copper flat bottoms; 1,500 No. 7 round pit $9\frac{1}{2}$ inch bottoms; 3,000 No. 8 round pit $10\frac{1}{2}$ inch bottoms; 600 No. 9 round pit $11\frac{1}{2}$ inch bottoms; 2,000 $6\frac{1}{2}$ inch circles. All to be not heavier than 11 oz. copper, price 24 cts. per lb. with $7\frac{1}{2}$ per cent off.

150 $13\frac{1}{2}$ x $23\frac{3}{4}$ oblong square; 100 12 x 22 oblong square. 14 oz. copper, price 22 cts. $7\frac{1}{2}$ per cent off, Chicago delivery.

600 10½ inch circles; 300 11½ inch circles; 1,800 4½ inch circles. 11 oz. same as above, at 24 cts.

The above price of 22 and 24 to be guaranteed against a decline in the market. If a decline, we to still have the advantage of the 7½ per cent.

THE M. A. RICHARDSON CO.

"OFFICE OF THE M. A. RICHARDSON CO.,
Manufacturers of Pieced, Stamped and Japanned Tinwares,
Hardware Specialties, 75 and 77 Lake Street.

Chicago, Nov. 15, 1889.

"W. H. Sills:

DEAR SIR—Please order for us: Six cases 14 x 48 cold, rolled bright copper, 12 oz., at 24 cents, 8 cents for retinning and 7½ per cent off, to be shipped same as other order of copper of this date."

Sills the same day left at Parker's office (he being out) an order prepared by himself, as follows:

"Please send press copy of all shipments on this order, inserting the number.

Order No. 1,029.          Chicago, 11 – 15 – '89.

W. H. Sills.

Sold for Messrs. Lewisohn Bros.

Sold to the M. A. Richardson Co., Chicago, Ill.

Terms, ————. ————Commission.

Please ship me one-third of my order as below in thirty days, one-third in sixty days, and one-third in ninety days: 600 only, 10¼ x 18¾ oval copper flat bottoms, 11 oz.; 3,000 only, 10¾ x 21 oval copper flat bottoms, 11 oz.; 3,000 only, 12 x 22¾ oval copper flat bottoms, 11 oz.; 1,500 No. 7, round pit, 9½ inch copper flat bottoms, 11 oz.; 3,000 No. 8, round pit, 10½ inch flat bottoms, 11 oz.; 600 No. 9, round pit, 11½ inch flat bottoms, 11 oz.; 2,000 6½ inch circles, 11 oz.; 600 10½ inch circles, 11 oz.; 300 11½ inch circles, 11 oz.; 1,800 6½ inch circles, 11 oz.; 150 13½ x 23¾, oblong square, 14 oz.; 100 12 x 23, oblong square, 14 oz.; 6 cases 14 x 48 C. R., bright copper, 12 oz. Prices guaranteed."

There is nothing to show directly that Parker ever saw the latter order, or that it ever came to the appellees, but

the fact is that, with no other communication with either Sills or the appellants, the appellees sent to the appellants the six cases, constituting the second order by the appellants and the last item on the order by Sills. As Sills kept the orders of appellants, and left at Parker's office only the order made by himself, it is the fair—indeed, the only legitimate—inference, that the appellees sent the goods which they did send, upon Sills' order.

The only evidence of the authority of Parker, is this extract from a letter from the appellees to the appellants:

"We have not been selling any goods through Mr. Sills—we do not know him, have never seen him, and have never authorized him to sell anything for us. We employed a young man by the name of Parker. The only sale which he reported to us, as made to you, we have completely filled, and on receipt of this order we immediately notified you of its acceptance, sent it to our mill, and thus executed the entire and only order we received."

There is no extrinsic evidence of the truth of any of the statements in that letter.

Now it is certain, considering only the evidence in this record, that the appellants bought no goods from the appellees, except upon the terms of the order left by Sills at Parker's office. Nothing else is shown which could have induced the sending of any goods.

If the appellees accepted that order, they must take it as it is—all or none. If Parker did not report the whole of it, his default is theirs; he was their agent. So far as concerns the appellants, the sending of the goods upon an order left with Parker, is the same as sending them upon an order delivered to the appellees personally.

The appellees sued for goods sold and delivered; the appellants sought by pleas and evidence to recoup the damages they had sustained by the refusal of the appellees to fill the whole order and the rise in copper. The pleas were useless; recoupment is under the general issue. Wadhams v. Swan, 109 Ill. 46; Tully v. Excelsior, 115 Ill. 544.

The court struck out all of the appellants' evidence and

rendered judgment for the full amount of the appellees' claim.

The very voluminous brief of the appellees contains a good deal of harsh language, which reads well, but is not convincing.

They report the judge below as saying, " I think, having taken the last item in the order and filled it, if they received it as a whole, they would be bound by it, and the defendant would be entitled to recoup whatever damages he sustained."

We agree to that, and only differ from him by holding that as the evidence shows no reason why the appellees sent any goods to the appellants, other than that an order for those sent and those not sent, was left at the office of their agent, it must be inferred that such as were sent, were in acceptance of the order for the whole.

The judgment will be reversed and the cause remanded.

WATERMAN, J., dissents.